Commonwealth vs. Lee and Bledsoe.

---

CASE 4—INDICTMENT—DECEMBER 12.

## Commonwealth vs. Lee and Bledsoe.

APPEAL FROM LOGAN CIRCUIT COURT.

An assault and battery committed on a slave is an indictable offense.

Many circumstances which would not constitute a legal provocation for one white man to commit a battery upon another, would justify it when committed upon a slave.

A. J. JAMES, Attorney General, for Commonwealth, cited *Wharton's Amer. Crim. Law, section* 1258.

W. B. JONES, on same side, cited 1 *Bishop's Crim. Law, sec.* 785.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

The appellees were indicted in the Logan circuit court, for an assault and battery upon George, Betsy, and Tabitha, three negro slaves the property of A. B. Watkins. They demurred to the indictment, and the court below having sustained their demurrer, and dismissed the prosecution, the Commonwealth excepted, and now prosecutes this appeal.

The question presented to the court is, whether an assault and battery committed on a slave in this State is an indictable offense. There is no legislative enactment upon the subject, and we are not aware of any case in which the question has been decided by this court; so that for a solution of the question we must look to general principles, to the opinions of enlightened judges of other states, and to reasonings founded upon legal rules, and adapted to the peculiar institution of slavery.

If we turn to the definition of an assault and a battery, we find that in the one case "it is an offer or an attempt to strike *another*," and "a battery is the beating of another." The beating of one person by another person is a battery. A person is a human being. It is murder to take the life of a slave without any of the extenuating circumstances attending the killing which would reduce it to excusable homicide; and the whole course of legislation, in regard to this class of persons, has been with a view to secure to them protection from wanton abuse and violence, by which their condition has been improved and their value enhanced.

In the State of South Carolina it was held that the offense of assault and battery could no be committed on a slave, "unaccompanied by any circumstances of cruelty, or an attempt to kill and murder." (*Wheeler's Law of Slavery*, 243, *and cases cited*.) From which we understand that an indictment for a common assault and battery, unless it set out circumstances of cruelty, or an attempt to kill or murder, would not be entertained; but one containing such averments would be sustained.

But, in North Carolina, the question came up in the case of the *State vs. Hale*, (2 *Hawks N. C. Rep.*, 582.)

In that case the defendant was indicted for having committed an assault on a slave, and for inhumanly beating and

wounding him. "The jury found that the defendant committed personal violence on the slave mentioned in the indictment, by striking him." The question was, upon this special finding, submitted to the inferior court whether an offense was made out. That court rendered judgment for the defendant, and the State appealed ; and the case was reversed by the supreme court of the State. And Chief Justice Taylor, who delivered the opinion, says : "The common law has been often called into efficient operation, for the punishment of public cruelty inflicted upon animals, for needless and wanton cruelty inflicted by masters on their slaves, and for various violations of decency, morals, and comfort. Reason and analogy seem to require that a human being, although the subject of property, should be so far protected as the public might be injured through him." And he adds : "Mitigated as slavery is by the humanity of our laws, the refinement of manners, and by public opinion, which revolts at every instance of cruelty towards them, it would be an anomaly in the system of police which affects them, if the offense stated in the verdict were not indictable."

We think there is great force in the reasoning of the court, and concur in the conclusion.

The law affords to every citizen a remedy for any insult or injury which he may receive at the hands of a slave, even if the master, upon complaint being made, should be unwilling to inflict such punishment as the offense merited, and as ought to be satisfactory to the injured party. The master's authority over the slave is complete to secure to him obedience and submission to his will ; and for the minor offenses, such as insults to others, he can punish the slave himself, or permit the offended party to inflict such as the offense deserves ; but if the master should refuse, the law affords the party a remedy, to which, in such circumstances, it is his duty to appeal.

An attack upon, and the chastisement of a slave, without the knowledge or against the will of the master, is generally a great provocation to the master, who feels bound to protect his slave from the injuries which strangers might be disposed

to inflict, awakens his feelings of resentment, tends to breaches of the peace, and may end in fatal conflict.

The preservation of the peace, and the repose of society, will be the more effectually secured, and this kind of property be rendered the more valuable to their masters, by thus protecting slaves from the wanton abuse and injury to which they might otherwise be exposed.

It is certainly true that many circumstances which would not constitute a legal provocation for one white man to commit a battery upon another, would justify it when committed upon a slave; but these circumstances must be judged of by the court and jury before whom such cases are tried, having a due regard to the difference between a white man and a slave, and the habits of society.

Wherefore, the judgment of the court below is *reversed*, and the cause remanded with directions that the demurrer be overruled.